## REYNOLDS v. MANHATTAN ATHLETIC CLUB.

(Common Pleas of New York City and County, General Term.   February 6, 1893.)

CONTRACT FOR BOXING CONTEST—MARQUIS OF QUEENSBERRY RULES—DECISION OF REFEREE—CONCLUSIVENESS.

> Plaintiff agreed to box at defendant's clubhouse, 10 rounds for $300; $200 to the winner, and $100 to the loser. After boxing two rounds he stopped, claiming that he was fouled and hurt, and, though he testified that he told his seconds he was ready to stay the 10 rounds, there was no evidence that he so informed the referee, who decided that plaintiff had "quit," and was not entitled to any of the money, whereupon plaintiff sued for breach of the contract, and to compel payment to him of the amount the loser was to receive. The evidence showed that the contest was under the Marquis of Queensberry rules, and also under the club rules, according to both of which, if a contestant is knocked down during a round and remains down for 10 seconds, he is counted out, and gets second money; but if he makes a pretense of being knocked down and out, or "quits," he is not entitled to any money; and it is the province of the referee to decide whether a contestant "quits" or is fairly knocked out, and his decision is final. It was not contradicted that these rules were communicated to plaintiff before the contest, and that he knew the effect of a decision of the referee. *Held,* that the determination of the referee that plaintiff "quit" was binding on him, and he had no right of action against defendant club on the contract.

Appeal from second district court.

Action by George Reynolds against the Manhattan Athletic Club to recover for an alleged breach of contract. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

George W. Carr, for appellant.
Hiram Ketchum, for respondent.

BOOKSTAVER, J. Reynolds, a professional boxer, brought this action upon an oral complaint to recover $99 for breach of a contract signed by him only, which was not offered in evidence, but the contents of which are testified to without objection, and which was substantially as follows: Reynolds agreed to box A. L. O'Brien, at defendant's clubhouse, on June 22d, 1892, 10 rounds for $300, $200 to the winner, and $100 to the loser; Reynolds to put up $50 forfeit in Dominick McCaffrey's hands for appearance and weighing in. The answer was a general denial. Reynolds put up his $50 as provided for in the contract, appeared and weighed in, and began the boxing contest, but boxed only two out of ten rounds. He himself testifies that he stopped because he was fouled and hurt, and, although he says he told his seconds he was ready and willing to stay the ten rounds, he does not testify that he so told McCaffrey, the referee, or any one else than his seconds. The testimony on both sides was that the referee's decision in boxing contests is final as to all questions. Defendant's testimony goes to prove that the contest was under what is known as the "Marquis of Queensberry Rules," although they were not put in evidence, and also under the club rules, which defendant's witnesses said were communicated to the plaintiff before the match, and this he does not deny. It was testified that under both of these rules there is an interval of one minute each round, and that if a contestant is knocked down during a round, and remains down for ten seconds, he is counted out of the contest, and in this event gets second money; but if a contestant makes a pretense of being knocked down and out, or "quits," as it was called in technical sporting parlance, he would not even be entitled to second money; and that it was the province of the referee to decide whether a contestant "quits," or, as it is otherwise called, "fakes," or is fairly knocked out, and his decision on this question is also final. The plaintiff admitted in his testimony on the trial that the referee determines the fight and the money. The referee did determine that O'Brien, the plaintiff's opponent, was the winner, and that Reynolds was not entitled to any money, as he had quit; that is, had willfully evaded further sparring. If this contest was to have been had solely under the terms of the contract plaintiff signed, then he cannot recover, and it was error to so decide, for he agreed to box ten rounds, and it is admitted he boxed two only. He seeks to avoid this apparent breach of contract by now claiming that he was ready and willing to go on with the remaining rounds, but the testimony is overwhelmingly against this contention. The only testimony to support his then alleged willingness and readiness to perform the contract consists of his and his seconds' assertion at the trial that he was then ready and willing to continue the contest. Neither of them state that by word or act such readiness and willingness were indicated. What they say amounts to nothing more than an expression of plaintiff's mental state in this regard. They both admit that neither of them told the referee or any one

of the officers of the defendant that plaintiff was ready to continue. Readiness to perform a contract is shown only by some act or word expressive of such disposition. Now, it is apparent that plaintiff did not perform the contract according to its terms, nor did he offer to do so. It is a fair and necessary presumption that such a contest would not be had except under some rules, and the uncontradicted testimony is that these rules were communicated to the plaintiff before the contest began, and he knew that the decision of the referee upon the question of quitting or being fairly knocked out was for the referee to determine, and was final. His determination, being that it was a willful quitting, therefore is binding upon him, and he cannot recover in this action. The only possible theory upon which the justice could have been decided in plaintiff's favor is that he believed plaintiff did his best, and was fairly knocked out. To this there are two insuperable objections. If he was fairly knocked out, which means rendered incapable of further contest, then his statements are irreconcilable. It is not contradicted that on the night in question he admitted he was knocked out. Therefore his present statement that he was ready and willing must be untrue. And, again, what the justice believes as to whether plaintiff was fairly knocked out was inconsequential, as the parties had agreed to leave the disposition of that question to the referee. He, and not the justice, was to decide whether the plaintiff was fairly overcome or quit; and he decided against the plaintiff. Whenever defendant's witnesses speak of plaintiff being entitled to the money if fairly knocked out, they must mean if the referee were of the opinion that he was fairly knocked out; otherwise the disposition of the question would rest with the contestant, or could never be decided, where a dispute occurred, except by a court. The parties, under the agreement between them, made the referee the sole arbiter of this question. The judgment should therefore be reversed, with costs of this appeal to the appellant.